Dear Ms. Wooten:
We are in receipt of your request for our review and approval, as per R.S. 33:1181, of the proposed amendment to the Charter of the Town of Homer.
LSA-R.S. 33:1181 provides:
 When a municipality existing prior to July 29, 1898, and having a population of two hundred thousand or less, which has not come under the provisions of Part I of Chapter 2 of this Title [the Lawrason Act], desires to amend its charter, the same may be done in this way: The municipal governing body may prepare, in writing, the desired amendments, have the same published for three weeks in a newspaper published in the municipality, if there be one, and if none, then by posting for said time in at least three public places therein; the proposed amendments shall then be submitted to the governor, who shall submit them to the Attorney General for his opinion. If the Attorney General is of the opinion that the proposed amendments are consistent with the constitution and laws of the United States and of this state, including Part I of Chapter 2 of this Title, the Governor shall approve the proposed amendments. If, within thirty days after publication, one-tenth of the electors of the municipality protest against any proposed amendment, the Governor shall not approve the amendment protested against until it is submitted to and ratified sixty days after the protest has been made.
 Amendments, when approved by the Governor, shall be recorded at the expense of the municipality, in the office of the Secretary of State and upon the records of the municipal governing body, and when so recorded, shall have the force and effect of law.
The Town of Homer operates under a special legislative charter, and as such, has adopted an amendment to the special charter, amending Section 15 to provide that the marshal shall be elected for a term of four years and shall reside and be domiciled within the corporate limits. The ordinance, no. 820, was adopted by a majority of the Selectmen on November 4, 1996, as certified by the clerk of the Town of Homer on February 9, 1998. A notarized statement from The Guardian-Journal indicates that the ordinance was advertised on the days of September 11, 18, and 25, 1997. The clerk's certificate also states that no opposition or objection was filed as to Ordinance No. 820.
It is the opinion of this office that the Town of Homer has complied with the provisions of R.S. 33:1181 and that the proposed amendment [Ordinance No. 820] to the special charter of the Town of Homer complies with the constitution and laws of the United States and the State of Louisiana. The Town of Homer is responsible for obtaining Section 5 approval under the provisions of the 1965 Voting Rights Act, 42 U.S.C. § 1973, and is responsible for filing the amendment with the Secretary of State, pursuant to LSA-R.S. 33:1181.1.
Trusting this adequately responds to your request, we remain
Respectfully submitted,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ ANGIE ROGERS LaPLACE Assistant Attorney General
RPI:ARL:glb
Enclosures
Date Received: Date Released:
ANGIE ROGERS LaPLACE Assistant Attorney General